IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY OTTOVICH, et al. | No. C 14-5526 EDL |
| Plaintiff, | **REPORT AND RECOMMENDATION TO DISMISS COMPLAINT** |
| v. | |
| DARRELL HARRIS, et al., | |
| Defendants. _____/ | |

On December 18, 2014, Plaintiffs Harvey and Mark Ottovich filed a complaint and sought leave to proceed in forma pauperis ("IFP"). On December 22, 2014, pursuant to 28 U.S.C. § 1915, this Court granted Plaintiffs' IFP request, and indicated that it would separately determine compliance with 28 U.S.C. § 1915(e)(2), which requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous." See also Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984) ("courts may dismiss frivolous actions filed in forma pauperis"). Moreover, a Court is obligated "to consider issues related to federal subject matter jurisdiction and may do so sua sponte." OWB, REO, LLC v. Negrete, 2011 WL 1667916, at *1 (N.D. Cal. May 3, 2011) (Armstrong, J.) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998)). The Court requested that Plaintiff's file either a consent or declination to magistrate court jurisdiction, but Plaintiffs did not respond to this request. The Court therefore issues the following Report and Recommendation to dismiss the complaint.

Plaintiffs' complaint is based on somewhat unintelligble allegations that individual defendant Darnell Harris is the holder of an Alameda County Superior Court judgment against Plaintiffs, defendant Alameda County Sheriff's Department was responsible for the execution of laws to enforce the judgment, and defendant Alameda County Superior Court Judge Lawrence Appel was the judge assigned to oversee execution of the judgment. Compl. ¶¶ 6-8. The complaint alleges that

Judge Appel denied Plaintiffs' request to set a minimum bid or appoint a receiver to ensure a fair price during an execution sale of their property, that the Sheriff's Department sold the property for a below-market price, and that judgement-holder Mr. Harris' attorney provided the only bid for the property but that bid was below the value of the judgment. Compl. ¶¶ 15-16. The complaint contains six claims: (1) 42 U.S.C. § 1983 Denial of Due Process against all Defendants; (2) 42 U.S.C. § 1983 Takings against all Defendants; (3) Injunction Prohibiting Enforcement of Judgement against all Defendants; (4) Equitable Set Off against defendant Harris; (5) Negligence against Defendant Harris; and (6) Intentional Infliction of Emotional Distress against Defendant Harris.

Plaintiffs claim that Judge Appel, a state court judge, violated their civil rights are based on allegations relating to that judge's decisions in his official capacity. Judges are entitled to broad judicial immunity for their official conduct. See In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) ("Anglo–American common law has long recognized judicial immunity, a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.' This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'") (internal citations omitted); Soliz v. Williams, 74 Cal.App.4th 577, 585-86 (1999) ("'It is well established judges are granted immunity from civil suit in the exercise of their judicial functions. This rule applies even where the judge's acts are alleged to have been done maliciously and corruptly.'") (internal citations omitted). See Stump v. Sparkman, 438 U.S. 349 (1978). Plaintiffs have not alleged any conduct by Judge Appel that would be outside of the protection of judicial immunity and the Court recommends dismissing all claims against Judge Appel with prejudice.

Plaintiff has also asserted civil rights claims under 42 U.S.C. § 1983 against individual defendant Darnell Harris. Because section 1983 is "directed at the states, the statute supports a claim only when the alleged injury is caused by 'state action' and not by a merely private actor, against whom tort remedies may be sought in state court." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). Mr. Harris is simply alleged to be a individual judgment-holder, and did not even personally participate in the execution sale at issue in the complaint. Plaintiffs have made no

allegations that this individual is connected at all with the state. Therefore, the Court recommends that the federal claims against Mr. Harris also be dismissed with prejudice.[1]

Finally, Plaintiffs' only allegations relating to their civil rights claims against the Alameda County Sheriff's Department's Section 1983 are that the levy officer "followed California law." Compl. ¶ 26. This is insufficient to state a Section 1983 claim against the Sheriff's Department, and the federal claims should also be dismissed as to this defendant.

Because Plaintiffs have failed to state a federal claim against any defendant, the Court recommends that first and second claims be dismissed. The Court further recommends that the Court decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c).

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: January 9, 2015

ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] Likewise, to the extent that Plaintiffs intended to include Harris' attorney, David Shagham, as a Defendant, he is also not a alleged to be a government actor who can be liable under Section 1983. See Compl. ¶ 23.

3